UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RODERICK DANIEL,

    Petitioner,

v.

    Case No. 09-14996
    HONORABLE AVERN COHN

GREG McQUIGGIN,

    Respondent.

_____/

**MEMORANDUM AND ORDER**
**DENYING RESPONDENT'S MOTION FOR SUMMARY JUDGMENT (Doc. 7)**
**AND**
**DIRECTING RESPONDENT TO FILE SUPPLEMENTAL ANSWER WITHIN SIXTY (60) DAYS**

### I. Introduction

This is a habeas case under 28 U.S.C. § 2254. Petitioner Roderick Daniel, a Michigan prisoner, claims he is being held in violation of his constitutional rights. Petitioner was convicted of manslaughter, MICH. COMP. LAWS. § 750.321 and commission of a felony with a firearm, MICH. COMP. LAWS. § 750.227(b), following a jury trial in the Wayne Circuit Court. He was sentenced to 71-to-180 months in prison for the manslaughter conviction and a consecutive two years for the firearm conviction.

Before the Court is Respondent's motion for summary judgment seeking dismissal of the petition as untimely. For the reasons that follow, the motion will be denied and Respondent will be directed to file a supplemental answer addressing the merits of Petitioner's claims.

### II. Procedural History

The parties agree on the essential dates. The Michigan Court of Appeals

affirmed Petitioner's conviction in an unpublished opinion. *People v. Daniel*, No. 266173 (Mich. Ct. App. March 22, 2007). Petitioner did not file a timely application for leave to appeal in the Michigan Supreme Court, so his conviction became final 56 days after the Michigan Court of Appeals decision, or on May 17, 2007. *See Redmond v. Jackson*, 295 F. Supp. 2d 767, 770 (E.D. Mich. 2003) (holding that a conviction becomes final when the 56-day time period for filing a delayed application for leave to appeal in the Michigan Supreme Court expires).

On April 21, 2008, Petitioner filed a motion for relief from judgment in the state trial court. The trial court denied the motion on August 20, 2008. Petitioner appealed this decision, but he was denied relief at both levels of state appellate review. *People v. Daniel*, No. 289361 (Mich. Ct. App. April 29, 2009); *People v. Daniel*, No. 138914 (Mich. Sup. Ct. November 23, 2009).

The parties agree that for purposes of calculating the limitations period, the present habeas petition was filed on December 16, 2009.

### III.  Summary Judgment

Under the Federal Rules of Civil Procedure, summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); *see also Sanders v. Freeman*, 221 F.3d 846, 851 (6th Cir. 2000). The moving party bears "the burden of showing the absence of a genuine issue as to any material fact." *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). To defeat a motion for summary judgment, the non-moving party must set forth specific facts sufficient to show

that a reasonable fact finder could return a verdict in his or her favor. *Sanders*, 221 F.3d at 851. The summary judgment rule applies to habeas proceedings. *See, e.g., Redmond v. Jackson*, 295 F. Supp. 2d 767, 770 (E.D. Mich. 2003).

### IV.  Discussion

Petitioner's petition is subject to the one-year period of limitations for habeas petitions brought by prisoners challenging state court judgments.  The statute provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Respondent argues that the petition was filed 327 days after the expiration of the one-year limitations period.  Not so.  Petitioner's conviction became final on May 17,

2007, when the time for seeking direct review expired, and he filed the present habeas action on December 16, 2009. 944 days elapsed between these dates. However, the time during which Petitioner's state post-conviction review proceeding was pending must be subtracted from this total under § 2244(d)(2). Petitioner's state post-conviction review proceeding was pending from April 21, 2008 - the day he filed his motion for relief from judgment in the trial court - until November 23, 2009 - the day the Michigan Supreme Court denied his application for leave to appeal. This period of statutory tolling lasted for 582 days. Subtracting the 582 days of tolling from the 944 days yields only 362 days. Under the terms of the statute, less than one year elapsed on the limitations period, and therefore the petition was timely filed.

### V. Conclusion

For the reasons stated above, Petitioner's habeas petition was timely filed. Accordingly, Respondent's motion for summary judgment is DENIED.

Respondent shall file a supplemental answer to the petition addressing the merits of Petitioner's claims within 60 days from the date of entry of this order.

SO ORDERED.

Dated: February 9, 2011        S/Avern Cohn
                               AVERN COHN
                               UNITED STATES DISTRICT JUDGE

I hereby certify that a copy of the foregoing document was mailed to Roderick Daniel, 398108, St. Louis Correctional Facility, 8585 N. Croswell Road, St. Louis, MI 48880 and the attorneys of record on this date, February 9, 2011, by electronic and/or ordinary mail.

                               S/Julie Owens
                               Case Manager, (313) 234-5160