UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RODERICK DANIEL,

    Petitioner,

v.

GREG McQUIGGAN,

    Respondent.
_____/

Case No. 09-14996

HON. AVERN COHN

## MEMORANDUM AND ORDER
## DENYING THE PETITION FOR WRIT OF HABEAS CORPUS
## AND
## DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY

### I. Introduction

This is a habeas case under 28 U.S.C. § 2254. Petitioner, Roderick Daniel, is a state inmate confined at the Chippewa Correctional Facility. Petitioner is serving a sentence of 71-to-180 months for his conviction of manslaughter, M.C.L. § 750.321, and a consecutive two-year term for his conviction of felony-firearm, M.C.L. § 750.227b. Petitioner asserts that he is being held in custody in violation of his constitutional rights. For the reasons which follow, the petition will be denied.

### II. Background

The charges against Petitioner resulted from the shooting death of his cousin, Jeffery Daniels. The evidence presented at Petitioner's jury trial revealed that on the night of September 21, 2004, Petitioner was seated in the backseat of a car driven by his uncle, George Daniels. Jeffery Daniels was sitting in the front passenger seat.

Petitioner and Jeffery were arguing with a man sitting in a nearby car when gunshots rang out. Jeffery Daniels was shot once in the back of the head and died three days later. George Daniels heard Petitioner say that he was sorry and that it was an accident.

Petitioner was charged with second-degree murder. His first trial ended in a mistrial after the jury was unable to reach a verdict. Petitioner was retried, and a second jury found him guilty of the lesser offense of manslaughter and felony-firearm.

Petitioner filed a claim of appeal in the Michigan Court of Appeals. His appellate brief raised the following claims:

> I. Defendant's second trial and conviction violated his right to be free from double jeopardy where the prosecutor acted intentionally in causing the mistrial.
>
> II. The trial court erred in admitting double hearsay evidence when it allowed the victim's mother to testify as to what George Daniels said that defendant said.
>
> III. Defendant is entitled to resentencing when the statutory sentencing guidelines were misscored which affected the sentencing guideline range.

Petitioner raised an additional set of claims in a pro se supplemental brief. The court of appeals affirmed Petitioner's conviction in an unpublished opinion. People v. Daniel, 2007 Mich. App. LEXIS 819 (Mich. Ct. App. Mar. 22, 2007). Petitioner's subsequent application for leave to appeal in the Michigan Supreme Court was rejected as untimely. See Affidavit of Corbin Davis, Doc. 8-23.

Petitioner later filed a motion for relief from judgment in the trial court. The motion essentially restated the claims that were presented on direct appeal. The trial court denied the motion in a written opinion dated August 20, 2008. Petitioner appealed

2

this decision, but he was denied relief at both levels of state appellate review. People v. Daniel, 2009 Mich. App. LEXIS 2751 (Mich. Ct. App. Apr. 29, 2009); People v. Daniel, 485 Mich. 975, 774 N.W.2d 900 (2009).

Petitioner's application for a writ of habeas corpus raises four claims, as follows:

I. Petitioner's second trial and conviction violated his right to be free from double jeopardy where the prosecutor acted intentionally in causing the mistrial.

II. Petitioner was denied due process of law, and a fair trial when the prosecutor elicited impermissible testimony from Sergeant Jenkins.

III. Petitioner is entitled to re-sentencing when the statutory sentencing guidelines were misscored, which affected the sentencing guideline range.

IV. The Honorable Daniel P. Ryan abused his discretion when he held that Petitioner was not entitled to the relief requested pursuant to Michigan Court Rule 6.508(D).

### III. Standard of Review

A federal court may not grant habeas relief on any claim that was adjudicated on the merits in the state courts unless the adjudication resulted in a decision that: (1) was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court; or (2) was based on an unreasonable determination of the facts in light of the evidence presented to the state courts. 28 U.S.C. § 2254(d). This section creates a highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt. Woodford v. Visciotti, 537 U.S. 19, 24 (2002).

A state-court decision is contrary to clearly established federal law only "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the Supreme Court]

3

has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 413 (2000).

A state-court decision involves an unreasonable application of clearly established federal law where the state court identifies the correct governing legal principle from Supreme Court decisions but unreasonably applies that principle to the facts of the prisoner's case. Williams, 529 U.S. at 413. "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Id. at 411.

Factual findings of the state court are presumed correct unless the petitioner presents clear and convincing evidence to the contrary. 28 U.S.C. § 2254(e)(1). A state court decision resting on factual findings cannot be overturned unless the state court's findings were objectively unreasonable in light of the evidence presented in the state-court proceeding." Ayers v. Hudson, 623 F.3d 301, 308 (6th Cir. 2010).

### IV. Analysis

#### A. Double Jeopardy

Petitioner first claims that his retrial violated the Double Jeopardy Clause of the Fifth Amendment. As part of this claim, petitioner argues that the prosecutor deliberately caused a mistrial. Specifically, he asserts that during the cross examination of George Daniels during the first trial, the prosecutor suggested that Daniels was influenced by Petitioner's counsel to change his testimony. This argument is unavailing. The challenged line of questioning did not draw an objection from defense counsel, let alone a motion for a mistrial. Tr. 8-15-05, at 72-75. Rather, the case proceeded all the

way to deliberations and ended when the trial court declared a mistrial because the jury was unable to reach a verdict.

When, as was the case here, a judge discharges a jury on the grounds that the jury is unable to reach a verdict, the Double Jeopardy Clause does not prohibit a new trial for the defendant before a new jury. Renico v. Lett, 130 S. Ct. 1855, 1862-63; 176 L. Ed. 2d 678 (2010) (citing United States v. Perez, 22 U.S. (9 Wheat.) 579, 580, 6 L. Ed. 165 (1824)). A trial judge's belief that a jury is "genuinely deadlocked" has "long [been] considered the classic basis for a proper mistrial." Arizona v. Washington, 434 U.S. 497, 509 (1978). Petitioner offers no argument that his first jury was not truly deadlocked or that the trial court erroneously declared a mistrial.

As noted above, Petitioner argues that the prosecutor's misconduct was calculated to prevent the jury from reaching a verdict. In Oregon v. Kennedy, 456 U.S. 667, 672 (1982), the Supreme Court held that where the mistrial is declared at the defendant's own request, double jeopardy does not bar retrial, except in the "narrow" circumstance in which the prosecutor's actions giving rise to the motion for mistrial were done in order to "goad" the defendant into requesting a mistrial. Id. at 673. The Supreme Court rejected a broader standard, which would allow a defendant to avoid a retrial upon a showing of bad faith conduct or harassment on the part of the prosecutor. "Only where the governmental conduct in question is intended to 'goad' the defendant into moving for a mistrial may a defendant raise the bar of double jeopardy to a second trial after having succeeded in aborting the first on his own motion." Id. at 676.

Petitioner's claim fails because the prosecutor never goaded Petitioner into moving for a mistrial. In fact, there was not even an objection to the questioning. The

5

eventual mistrial was wholly unrelated to the alleged misconduct. The mistrial was declared by trial court on its own after the court determined that the jury was hung. See Trial tr. 9-9-05, at 2, 5. Moreover, the Michigan Court of Appeals was correct in concluding the same. Accordingly, Petitioner is not entitled to habeas relief on this claim.

## B. Evidence of Witness Intimidation

Petitioner next claims that his trial was rendered unfair by Sergeant John Jenkins' testimony that he suspected George Daniels had been intimidated into changing his testimony. Jenkins testified that after Daniels provided a statement regarding the shooting, he observed that Daniels had been beaten up. Over objection, Jenkins testified that he learned that Daniels knew the person who had beaten him and that the beating was related to his cooperation with the police.

The Michigan Court of Appeals rejected the claim as follows:

> Defendant also argues that a police officer's testimony was inadmissible because it was irrelevant and prejudicial. Because defendant did not object to the testimony on the same ground that he now raises on appeal, this issue is not preserved and our review is limited to plain error affecting defendant's substantial rights. People v. Kimble, 470 Mich. 305, 312; 684 N.W.2d 669 2004).
>
> Defendant's uncle, George Daniels, was the driver of the vehicle in which the victim was shot and he provided key testimony against defendant. Daniels spoke with police after the shooting and signed two written statements implicating defendant as the shooter. At some point Daniels became a reluctant witness against defendant, but offered consistent testimony pursuant to an investigative subpoena. Daniels' reluctance to testify was apparently owing to the fact that he was the victim of an assault, allegedly because of his cooperation with police. At trial, Sergeant Jenkins was allowed to testify that (1) he observed Daniels after he had been assaulted, which occurred after Daniels gave his original statements to police, but before the investigative subpoena hearing, (2) he became aware that Daniels knew the person who

6

> assaulted him, and (3) the assault was related to Daniels speaking to the police about the shooting.
>
> Evidence bearing on the credibility of a witness is relevant. The test is whether the evidence will aid the factfinder in determining the probative value of other evidence offered to affect the probability of the existence of a consequential fact. People v. Mills, 537 N.W.2d 909 (Mich. 1995). Daniels admitted that he did not want to testify and did so only because he was subpoenaed. Sergeant Jenkins' testimony was used to show why Daniels was a reluctant witness and explain his apparent lack of candor at times. The testimony was relevant for this purpose.
>
> We find no merit to defendant's argument that the testimony was unduly prejudicial because the jury was made to believe that defendant ordered the assault on Daniels. Although Sergeant Jenkins testified that he became aware that Daniels knew his assailant and that he was assaulted as a reprisal for speaking to the police, defendant was never identified as being responsible for the assault. Accordingly, defendant has not shown a plain error affecting his substantial rights.

Daniel, 2007 Mich. App. LEXIS 819, *7-9.

It is "not the province of a federal habeas court to reexamine state-court determinations on state-court questions." Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). A federal court is limited in federal habeas review to deciding whether a state court conviction violates the Constitution, laws, or treaties of the United States. Id. Thus, errors in the application of state law, especially rulings regarding the admissibility of evidence, are usually not questioned by a federal habeas court. Seymour v. Walker, 224 F. 3d 542, 552 (6th Cir. 2000). Petitioner does not identify a specific constitutional guarantee that was violated by the admission of this evidence. Petitioner's claim that the state court violated state evidentiary rules by allowing the prosecutor to submit evidence suggesting that a prosecution witness changed his testimony is not cognizable. Mattox v. Davis, 549 F. Supp. 2d 877, 922-23 (W.D. Mich. 2008) (finding no constitutional violation where prosecutor elicited testimony from witnesses that they

7

were afraid to testify against the petitioner and where witness recanted earlier out-of-court statement that she feared for her own safety and the safety of her son). Moreover, even if the claim was appropriate on habeas review, the Michigan Court of Appeals' decision was neither contrary to Supreme Court precedent nor the result of an unreasonable determination of the facts. Accordingly, Petitioner is not entitled to relief on this claim.

### C. Sentencing Claim

Petitioner also claims that the trial court erred in calculating the sentencing guidelines and that the trial court erroneously relied on facts not proven at trial in determining the sentence.

The claim that the state trial court incorrectly scored or calculated his sentencing guidelines range under the Michigan Sentencing Guidelines is not available in federal habeas review because it is basically a state law claim. See Howard v. White, 76 Fed. Appx. 52, 53 (6th Cir. 2003). Petitioner had no state-created interest in having the Michigan Sentencing Guidelines applied rigidly in determining his sentence. Lovely v. Jackson, 337 F. Supp. 2d 969, 977 (E.D. Mich. 2004).

Second, Petitioner believes that Blakely v. Washington, 542 U.S. 296 (2004), supports his position that his sentence was improperly based on facts that were not determines beyond a reasonable doubt. Petitioner is mistaken. The Blakely line of cases do not apply to Michigan's intermediate sentencing scheme. The Sixth Circuit has held that Michigan's sentencing guidelines do not violate the Sixth Amendment because they set a minimum sentence range while the maximum is set by statute. Montes v. Trombley, 599 F.3d 490, 494-98 (6th Cir. 2010). Petitioner is therefore not

entitled to habeas relief on his sentencing claim.

### D.  Post-Conviction Relief

Petitioner finally claims that the trial court erred when it found that the claims raised in his motion for relief from judgment were barred under M.C.R. 6.508(D)(2) because they were essentially the same claims raised on direct appeal.  He asserts that the trial court was obligated under state law to consider the claims on the merits.

There is no federal constitutional requirement that states provide a means of post-conviction review of state convictions.  Therefore, any infirmity in a state post-conviction proceeding does not raise a constitutional issue for a federal habeas petition. Williams-Bey v. Trickey, 894 F. 2d 314, 317 (8th Cir. 1990).  Even if the state court improperly refused to review the merits of Petitioner's claims, Petitioner's federal constitutional rights were not implicated because he had no constitutional right to post-conviction review.  In any event, the Court has already concluded for the reasons stated above that Petitioner's claim are without merit.

### V.  Conclusion

For the reasons stated above, Petitioner is not entitled to habeas relief on any of his claims.  Accordingly, the petition for a writ of habeas corpus is **DENIED.**

Furthermore, reasonable jurists would not debate the Court's assessment of Petitioner's claims, nor conclude that the issues deserve encouragement to proceed

further.  The Court therefore **DECLINES** to grant a certificate of appealability under 28 U.S.C. § 2253(c)(2).[1]  See Slack v. McDaniel, 529 U.S. 473, 484 (2000).

**SO ORDERED.**

                                       S/Avern Cohn  
                                       AVERN COHN  
                                       UNITED STATES DISTRICT JUDGE

Dated:  October 31, 2011

I hereby certify that a copy of the foregoing document was mailed to Roderick Daniel, 398108, St. Louis Correctional Facility, 8585 N. Croswell Road, St. Louis, MI 48880 and the attorneys of record on this date, October 31, 2011, by electronic and/or ordinary mail.

                                       S/Julie Owens  
                                       Case Manager, (313) 234-5160

---

[1]"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.